## BOWER et al. *v.* THOMPSON.

*(Supreme Court, General Term, Fifth Department. June, 1892.)*

ASSUMPSIT—MONEY PAID BY MISTAKE—DEMAND BEFORE ACTION.

    In an action to recover money paid by mistake, where defendant knew it to be a mistake when he received it, demand before bringing the action need not be shown.

Appeal from Cayuga county court.

Action by M. E. Bower and another against Edwin B. Thompson for money had and received. From a judgment affirming a judgment for plaintiffs in justice court, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. T. Parker,* for appellant.    *H. E. Hills,* for respondents.

DWIGHT, P. J. The action, so far as presented by this appeal, was for money had and received, being the sum of $25 paid to the defendant by the plaintiffs a second time, by mistake of the latter. The only defense here suggested was the absence of a demand before action brought. Whether the defense was tenable depends upon whether the mistake was mutual and the

overpayment innocently received by the defendant; or whether it was by mistake of the plaintiffs only, and the defendant knew at the time that he was receiving money to which he was not entitled. In the former case the obligation to refund did not arise until notice of the mistake and a demand of repayment, (*Mayor, etc.*, v. *Erben*, 3 Abb. Dec. 255; *Southwick* v. *Bank*, 84 N. Y. 430;) in the latter it arose upon the instant the money was received, (*Sharkey* v. *Mansfield*, 90 N. Y. 228.) The distinction and the reasons for it are obvious. In his opinion the learned county judge says the circumstances indicate to him that the case is governed by the authority last cited, "and that the defendant knew at the time of the settlement that he was receiving $25 that he was not entitled to." Such, it may be presumed, was also the effect of the testimony upon the mind of the justice; and the case is not one in which either the county court or this court should interfere with the conclusion of fact. That conclusion does no violence to the evidence, even as it appears more or less imperfectly reproduced in the return, while the justice had the advantage of hearing the full oral testimony of the parties and observing their appearance on the stand. And, the fact being found that the defendant knew at the time of receiving the overpayment that it was such, the case was within the second category above described, and no demand was necessary to recover the amount. The judgment appealed from must be affirmed.

Judgment of the county court of Cayuga county affirmed, with costs. All concur.